# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 17-CR-2045-LRR |
| vs. | **ORDER** |
| ALSTON RAY CAMPBELL, JR., ALSTON RAY CAMPBELL, SR., WILLIAM MARCELLUS CAMPBELL, JOHN DWAYNE PHILLIPS, WILLIE JUNIOR CARTER and DARIUS FONTAINE SHEARS, | |
| Defendants. | |

## *I. INTRODUCTION*

The matter before the court is the government's "Motion to Sever" ("Motion") (docket no. 160), which it filed on February 20, 2018. In the Motion, the government "requests [that] the [c]ourt sever defendant John Phillips and defendant Willie Carter from their charged co-defendants for a separate, joint trial, preceding the joint trial of [the remaining co-defendants]." Motion at 1.

## *II. RELEVANT PROCEDURAL BACKGROUND*

On February 22, 2018, a grand jury returned a Superseding Indictment ("Superseding Indictment") (docket no. 170). The Superseding Indictment charges Defendant Alston Ray Campbell, Jr. ("Campbell, Jr.") with one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Superseding Indictment at 2, 7. The Superseding Indictment charges Defendant Alston Campbell, Sr. ("Campbell, Sr.") with one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)

and 846, and one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See id*. at 2-3. The Superseding Indictment charges Defendant William Marcellus Campbell ("W. Campbell") with one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and two counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See id*. at 2-3, 6. The Superseding Indictment charges Defendant Darius Fontaine Shears ("Shears") with one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, six counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and one count of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See id*. at 2, 4-6. The Superseding Indictment charges John Dwayne Phillips ("Phillips") with one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See id*. at 2-3. The Superseding Indictment charges Defendant Willie Junior Carter ("Carter") with one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See id*. at 2, 6-7.

On February 20, 2018, the government filed the Motion. On February 26, 2018, W. Campbell filed a Resistance (docket no. 173). On February 26, 2018, Campbell, Jr. filed a Joinder (docket no. 175) to the Resistance. On February 28, 2018, Phillips filed a Joinder (docket no. 177) and Campbell, Sr. filed a Joinder (docket no. 178) to the Resistance. On March 1, 2018, Shears filed Joinder (docket no. 179) and Carter filed a Joinder (docket no. 180) to the Resistance. On March 1, 2018, the court held a hearing ("Hearing") on the Motion. *See* March 1, 2018 Minute Entry (docket no. 181). Assistant United States Attorney Emily Nydle represented the government. Campbell, Jr.,

Campbell, Sr., W. Campbell, Shears, Phillips and Carter (collectively, "the Defendants") appeared personally, represented by their respective attorneys. The court took the matter under advisement  The matter is fully submitted and ready for decision.

### III.　RELEVANT FACTUAL BACKGROUND

The government alleges that the Defendants were members of a drug-trafficking organization that engaged in a conspiracy to distribute crack cocaine between April 2015 and March 2017. On January 12, 2017, Waterloo Police Department officers arrested Carter after they found him in possession of crack cocaine. Carter gave a detailed post-*Miranda* confession to investigators. Carter stated that he did not sell drugs, but acted as a middle man, delivering cocaine from a distributor to retail-level sellers. Carter initially identified his distributor as "T.R." Carter subsequently admitted, however, that on previous occasions he had transported drugs for W. Campbell. He stated that he had also received "a lot" of cocaine from Campbell, Sr., and identified the Campbell family generally as major drug distributors in Waterloo.

On August 21, 2017, Carter gave a proffer interview to investigators in the presence of his attorney. During the proffer, Carter admitted that he had not been truthful in identifying "T.R." as his supplier, and that in fact his source was W. Campbell. He stated that he had initially approached W. Campbell about purchasing cocaine for resale. He detailed multiple occasions on which he made large purchases of cocaine from W. Campbell. Carter also described an occasion on which he attempted to purchase cocaine from Campbell, Jr. but was refused. Carter stated that he knows Campbell, Sr. and purchased cocaine from him on multiple occasions in the early 1990s.

On May 16, 2016, Waterloo Police Department officers arrested Phillips after finding cocaine at his residence. Phillips made post-*Miranda* statements to investigators, admitted his involvement in a drug-trafficking organization and named some of his suppliers and customers. Thereafter, Phillips cooperated with the investigation. Phillips

engaged in controlled sales of crack cocaine and made controlled payments to other members of the drug-trafficking organization. On October 11, 2017, Phillips gave a proffer interview to investigators in the presence of his attorney. During the proffer, Phillips named Campbell, Jr., Campbell, Sr. and W. Campbell as other members of the drug-trafficking organization. He stated that he had first approached Campbell, Jr. about joining the organization. Phillips described several occasions during which he purchased large amounts of crack cocaine from Campbell, Jr. that he later distributed for retail sale.

### IV. ANALYSIS

Federal Rule of Criminal Procedure 14 states that "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Where multiple defendants are charged in the same indictment, there is a preference for a joint trial unless the party moving to sever can show that the benefits are outweighed by a clear likelihood of prejudice." *United States v. Boone*, 437 F.3d 829, 837 (8th Cir. 2006) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). "Federal law favors joint trial for individuals charged in the same indictment, and there is a 'strong' presumption against severing properly joined cases." *United States v. Benedict*, 855 F.3d 880, 884 (8th Cir. 2017).

The government asserts that it will be prejudiced because, if the Defendants are tried together, *Bruton v. United States*, 391 U.S. 123 (1968) would restrict the admission of prior statements made by Carter and Phillips. *See* Brief in Support of Motion (docket no. 160-1) at 3-4. Under *Bruton*, the admission of a co-defendant's confession that inculpates a defendant violates that defendant's rights under the Confrontation Clause. *See Bruton*, 391 U.S. at 126. In a joint trial, the Confrontation Clause requires a co-defendant's "confession [to be] redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

This redaction can sometimes be accomplished through the use of neutral pronouns, but "the language in the statement . . . [must] not draw attention to the fact that the prosecution [has] the name available to it and purposely omitted it from the statement." *United States v. Garcia*, 836 F.2d 385, 391 (8th Cir. 1987). Whether redaction can be done effectively and appropriately through the use of neutral pronouns must be decided by the court on a case-by-case basis. *See United States v. Donahue*, 948 F.2d 438, 443 n.4 (8th Cir. 1991) (enumerating cases addressing proper and improper redactions). The critical question before the court is whether the government can redact Carter's and Phillip's statements in a way that does not "invite[] the jury to fill in the blank" or "invite speculation." *United States v. Long*, 900 F.2d 1270, 1280 (8th Cir. 1990).

The court finds that the statements cannot be sufficiently redacted to comply with the dictates of *Bruton* without substantially compromising their evidentiary value. Both Carter's attempt to lie to investigators about the identity of his cocaine distributor and his description of the Campbell family's prominence in the Waterloo drug trade are strong pieces of evidence pointing toward his participation in the alleged conspiracy. The statements demonstrate his motive to protect the ongoing criminal enterprise. If the government were to elicit these statements without reference to the other Defendants, the jury would be invited to speculate about whom Carter was attempting to protect. In the context of a joint trial, jurors would inevitably speculate that it was the other Defendants.

Phillips's statements pose an even greater problem. After his arrest, Phillips spoke in great detail about his supplier, the quantity of drugs he regularly purchased and the several thousand dollars that he owed his supplier. Thereafter, he worked as a confidential cooperator with investigators and made several controlled payments to Campbell, Jr., allegedly to pay off his drug debts. No reasonable juror could hear this evidence in a joint trial without immediately concluding that Campbell, Jr. is the supplier to which Phillips referred. The statements would inevitably "le[ad] the jury straight to" the other

5

Defendants. *Id*. The government would be forced to omit them entirely to avoid running afoul of *Bruton*. The inability to use the statements, however, would be a substantial blow to the government's case, creating severe prejudice.

## VI. CONCLUSION

Given the nature of Carter's and Phillips's statements, they cannot be redacted in a manner that would comply with *Bruton*. The loss of such strong evidence against Carter and Phillips creates prejudice that is significant enough to warrant severance of the Defendants. Therefore, the Motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED** this 6th day of March, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA