IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. 17-CR-2045-LRR |
| vs. | ORDER |
| ALSTON RAY CAMPBELL, JR., | |
| Defendant. | |

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. RELEVANT PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . 2

III. STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. RELEVANT FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . 4

V. ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. *Objection 1: Minimization Summary* . . . . . . . . . . . . . . . . . 7
    B. *Objection 2: The "Taint Team"*. . . . . . . . . . . . . . . . . . . . 8
    C. *Objection 3: Recording Irrelevant Calls* . . . . . . . . . . . . . . 8
    D. *Objection 4: Blatant Disregard* . . . . . . . . . . . . . . . . . . . 9
    E. *Objection 5: Reasonable Efforts* . . . . . . . . . . . . . . . . . . 10
    F. *Objection 6: Case Law*. . . . . . . . . . . . . . . . . . . . . . . . 11
    G. *Objection 7: Diligent Attempts*. . . . . . . . . . . . . . . . . . . 12
    H. *Objection 8: Identification of Specific Communications* . . . . . . . 12
    I. *Objection 9: Judge Williams's Conclusion*. . . . . . . . . . . . . . 13

VI. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION

The matters before the court are Defendant Alston Ray Campbell, Jr.'s "Motion to Suppress Title III Wiretap Evidence" ("Motion") (docket no. 115), United States Chief Magistrate Judge C.J. Williams's first Report and Recommendation ("Report and Recommendation 1") (docket no. 135) and Judge Williams's second Report and

Recommendation ("Report and Recommendation 2") (docket no. 139). Judge Williams recommends that the court deny the Motion.

## II. *RELEVANT PROCEDURAL BACKGROUND*

On July 10, 2017, a grand jury returned an Indictment[1] (docket no. 8) charging Defendant with one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Indictment at 2-3, 9. On December 22, 2017, Defendant filed the Motion. On January 3, 2018, the government filed a Resistance (docket no. 129). On January 17, 2018, Judge Williams held a hearing ("Hearing") on the Motion. *See* January 17, 2018 Minute Entry (docket no. 131). Defendant appeared in court with his attorneys, Alfred Willett and Dillon Besser. Assistant United States Attorney Emily Nydle represented the government. At the conclusion of the hearing, Judge Williams ordered the parties to provide additional briefing on the issue of the alleged minimization violations. On January 22, 2018, Judge Williams issued Report and Recommendation 1, which recommends that the court deny the Motion as to the issue of the facial sufficiency of the Title III wiretap order ("Order"). On January 24, 2018, Defendant filed a Supplemental Brief in Support of the Motion ("Supplemental Brief") (docket no. 137). On January 26, 2018, the government filed a Response to the Supplemental Brief ("Response Brief") (docket no. 138). On January 30, 2018, Judge Williams issued Report and Recommendation 2, which recommends that the court deny the Motion as to the issue of the alleged minimization violations. On February 13, 2018, Defendant filed Objections (docket no. 153) to Report and Recommendation 2.

---

[1]On February 22, 2018, the government filed a Superseding Indictment (docket no. 170). Because the charges against Defendant remain unchanged, the Superseding Indictment has no effect on the Motion. *Compare* Indictment at 2-3, 9 *with* Superseding Indictment at 2, 7. The court shall refer to the Indictment.

2

Defendant did not file objections to Report and Recommendation 1. The matter is fully submitted and ready for decision.

### III.  STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews any disputed portions of Report and Recommendation 1 and Report and Recommendation 2 de novo.

The court reviews the unobjected-to portions of the proposed findings or recommendations for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, when a party does not file objections to a magistrate's report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error). Accordingly, the court reviews the undisputed portions of Report and Recommendation 1 and Report and Recommendation 2 for plain error.

3

## IV. RELEVANT FACTUAL BACKGROUND[2]

On October 24, 2016, the court issued the Order, which authorized the interception of communications over a target cell phone that the government alleged belonged to Defendant. Assistant United States Attorney Ravi T. Narayan submitted the application for a Title III wiretap order ("Application") (docket no. 129-1). The Application was supported by an affidavit containing sworn testimony from DEA Task Force Officer Bryan Furman. *See* Application at 17-78. The court considered the totality of Officer Furman's testimony and found that there was probable cause to issue the Order. The court also found that a wiretap order was necessary to the investigation because viable alternative investigative means had been exhausted. Therefore, the court issued the Order, which included written instructions that investigators should take efforts, as required by 18 U.S.C. § 2518(5), to minimize the number of communications intercepted that did not relate to the investigation. Over the course of the next several months, investigators sought four extensions of the Order. Each subsequent application to extend the Order relied, in part, on evidence intercepted pursuant to the Order and any extensions thereof.

A team of investigators in St. Louis was responsible for monitoring the voice and text communications conducted over the target cell phone. An Assistant United States Attorney instructed the team on how to comply with the minimization instruction of the Order. Team members were required to receive this instruction, orally or in writing, before they were allowed to begin monitoring any communications.

---

[2] After reviewing the Hearing Transcript (docket no. 150), the court finds that Judge Williams accurately and thoroughly set forth the relevant facts in Report and Recommendation 1 and Report and Recommendation 2. *See* Report and Recommendation 1 at 2-9; Report and Recommendation 2 at 2-4. Therefore, the court shall only briefly summarize the facts here. When relevant, the court relies on and discusses additional facts in conjunction with its legal analysis.

When a voice call was placed or received by the target cell phone, the team in St. Louis intercepted the call in real time. If the monitoring team determined that the call was irrelevant to the investigation, they would cease both recording and listening to the call. The investigators on Officer Furman's DEA Task Force did not have access to these calls. If the monitoring team determined that the call might be relevant, they would forward the call to one of the investigators on the Task Force. The investigator would then independently determine if the call was relevant. If the call was not relevant, the investigator would stop listening to the call and instead periodically spot check the call to see if the conversation had become relevant. Outside of these spot checks, however, the investigators did not listen to calls unless they became relevant to the investigation. As the investigation proceeded, investigators became better able to identify irrelevant calls as they learned more about Defendant's phone habits. Consequently, investigators minimized a greater percentage of calls during the latter stages of the investigation. The monitoring team also reviewed all text communications sent or received by the target cell phone. If the monitoring team determined that a message was not relevant to the investigation, they never passed it along to investigators. The monitoring team and investigators followed this procedure for the entire length of the investigation, and the monitoring team was re-instructed on the procedures each time the Order was renewed.

## V. ANALYSIS

In the Motion, Defendant argues that the court should suppress all evidence that investigators obtained through the Order because the Order was facially insufficient, and because he believes minimization violations occured. *See* Motion at 3. Report and Recommendation 1 addressed the facial sufficiency of the Order. The time to object to Report and Recommendation 1 has expired and neither party has filed objections. Thus, the parties have waived their right to a de novo review of Report and Recommendation 1. *See e.g.*, *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) ("Appellant's failure

to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein." (quoting *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994))). The court finds no plain error in Judge Williams's decision. Accordingly, the court adopts the factual findings and legal conclusions in Report and Recommendation 1.

Report and Recommendation 2 addressed the alleged minimization violations. Defendant timely filed the Objections to Report and Recommendation 2. At the outset, the court notes that the only remedy Defendant can obtain for any minimization violations is suppression of improperly minimized calls. *See United States v. Cox*, 462 F.2d 1293, 1301-02 (8th Cir. 1995) (holding that nonincriminating calls that should have been minimized can be suppressed, but those calls that fall within the scope of the warrant shall be admitted). Judge Williams correctly concluded in Report and Recommendation 2 that, "[i]n the Eighth Circuit, only individual communications that were improperly minimized are subject to suppression." Report and Recommendation 2 at 5 (citing *Cox*, 462 F.2d at 1301-02). Defendant has not identified any specific communications that he believes were improperly minimized. Rather, he seeks suppression of the totality of the wiretap evidence. *See* Objections at 12. Defendant acknowledges, however, that Judge Williams correctly set forth the binding Eighth Circuit precedent, which precludes the remedy he seeks. *See id*. at 7. Therefore, Defendant's Objections to Report and Recommendation 2 are moot, as there is no legal basis to grant the relief he seeks. Nevertheless, the court will review the disputed portions of Report and Recommendation 2 de novo.

Defendant raises nine objections to Report and Recommendation 2. Defendant objects to Judge Williams's summary of Officer Furman's testimony regarding the steps investigators took to minimize irrelevant communications. Objections at 4-6. Defendant objects to Judge Williams's finding that the monitoring team intercepting voice

6

communications was part of the so-called "taint team." *Id*. at 6. Defendant objects to Judge Williams's finding that phone calls deemed irrelevant were not recorded. *Id*. at 6-7. Defendant objects to Judge Williams's finding that there was no blatant disregard for the minimization requirements. *Id*. at 8-9. Defendant objects to Judge Williams's finding that the monitoring team took reasonable efforts to follow the monitoring instructions. *Id*. at 9-10. Defendant objects to Judge Williams's finding that the nonbinding case law cited by Defendant does not support Defendant's legal position with regard to possible remedies. *Id*. at 10-11. Defendant objects to Judge Williams's finding that agents diligently attempted to properly minimize irrelevant communications. *Id*. at 11. Defendant objects to Judge Williams's finding that Defendant has not identified any specific communications that he seeks to suppress. *Id*. at 11-12. Finally, Defendant objects generally to Judge Williams's recommendation that the court deny the Motion. *Id*. at 12-13. The court shall address each objection in turn.

### A. *Objection 1: Minimization Summary*

Defendant objects to Judge Williams's finding that "Officer Bryan Furman testified as to the steps that were taken to minimize interceptions of irrelevant communications." Report and Recommendation 2 at 2. Defendant asserts that Officer Furman "testified to the general process of monitoring, . . . [but] was unable to testify to the actual steps the monitoring agents took in monitoring the Defendant's communications." Objections at 4.

Upon review of the Hearing Transcript, the court finds that Officer Furman's testimony addressed both the general process of minimization and the methods that were employed in this case. Officer Furman testified that he attended the meetings at which monitoring agents received their instructions on the minimization procedures. *See* Hearing Transcript at 13. He further testified that he received and reviewed communications from the monitoring team on a daily basis. *Id*. at 17. If the monitoring team had not adhered to the minimization procedures, communications that should have been minimized would

7

Case 6:17-cr-02045-CJW-MAR   Document 204   Filed 03/08/18   Page 7 of 13

have instead been included in the calls Officer Furman received from the monitoring team. Officer Furman repeatedly testified, however, that he only received communications that had been minimized. *See, e.g., id.* at 12, 14-15, 17, 20.

The court finds that Judge Williams accurately summarized the minimization procedures used in this case. Therefore, the court shall overrule this objection.

### B. Objection 2: The "Taint Team"

Defendant objects to Judge Williams's finding that incoming communications were "reviewed in real time by a taint team in a remote location." Report and Recommendation 2 at 2. Defendant asserts that "Officer Furman's testimony indicated the taint team was specifically assigned to review text message communications. No specification was offered as to the 'team' monitoring oral communications." Objections at 6.

Although Officer Furman used the specific term "taint team" when discussing the minimization of text messages, this was part of a larger line of questioning about the minimization of communications generally. *See* Hearing Transcript at 12. It is apparent from Officer Furman's testimony that there was a monitoring team working to minimize all communications before they reached investigators. The court finds that the term "taint team" reasonably applied to the entire team. Therefore, the court shall overrule this objection.

### C. Objection 3: Recording Irrelevant Calls

Defendant objects to Judge Williams's finding that if the monitoring team determined that a call was irrelevant to the investigation, "investigators would not have access to the communication" and "the call would not be recorded." Report and Recommendation 2 at 3. Defendant asserts that "all oral communications made on [the target cell phone] during the authorized surveillance period were recorded to some extent." Objections at 6-7.

8

The court finds that Judge Williams accurately summarized the minimization procedures. The quotations to which Defendant objects are taken out of context and conflate the procedures of the monitoring team with those of the investigators. If the monitoring team made an initial determination that a call was irrelevant, the call was not recorded and investigators did not have access to it. *See* Hearing Transcript at 12. If the monitoring team found that the call was possibly relevant, they passed it on to the investigators. *See id*. at 15. Once investigators listening to a potentially relevant call determined that the call was irrelevant, they stopped listening and recording, checking in on the call periodically thereafter for spot checks. *See id*. Officer Furman's testimony on the procedures regarding irrelevant calls is consistent with Judge Williams's description. Therefore, the court shall overrule this objection.

### D. Objection 4: Blatant Disregard

Defendant objects to Judge Williams's finding that "there has been no showing in this case that the agents blatantly disregarded the minimization requirements." Report and Recommendation 2 at 6. Defendant maintains that "the issue remains unresolved." Objections at 9.

The court finds that the issue is not unresolved and that there has been no showing that investigators blatantly disregarded the minimization requirements. Officer Furman testified that guidelines were put in place to instruct all monitoring agents and investigators on how to minimize calls. Further, agents were not allowed to monitor calls unless either an Assistant United States Attorney had instructed them on the guidelines or they had signed paperwork attesting that they had received and read the instructions. *See* Hearing Transcript at 13. The guidelines were created by an Assistant United States Attorney. *See id*. The Order also contained minimization instructions from the court. *See id*. Periodic reports were sent to the court regarding the interception and minimization of communications. *See generally* Government Exhibits 9-14 (docket nos. 132-1 to 132-5).

9

Finally, Officer Furman, as lead investigator of the DEA Task Force, reviewed the communications forwarded by the monitoring team each day. *See* Hearing Transcript at 17. The issue is resolved.

Additionally, even if the question of blatant disregard for minimization procedures were unresolved, then Defendant has failed to meet his burden of proof. If, contrary to Eighth Circuit precedent, the court were to adopt the reasoning of a nonbinding circuit court that would consider the relief Defendant requests, the government would only be required to make "a prima facie showing of reasonable effort in minimizing the interception of 'innocent' conversation[s]." *United States v. Armocida*, 515 F.2d 29, 45 (3d Cir. 1977). The burden would then "shift[] to the defendant to show more effective alternative procedures for minimization which nevertheless would permit the government to achieve its objectives." *Id*. The court finds that the government made a prima facie showing that it undertook reasonable efforts to minimize the interception of innocent conversations. Therefore, if the issue is indeed unresolved, as Defendant contends, it is due to his failure to adduce sufficient evidence to carry his burden. Therefore, the court shall overrule this objection.

### *E. Objection 5: Reasonable Efforts*

Defendant objects to Judge Williams's finding that investigators took "reasonable efforts" to properly minimize conversations. Report and Recommendation at 6. Defendant contends that "it cannot be determined if efforts were undertaken" to properly minimize communications based on the available record. Objections at 9. Defendant cites his prior objections for his argument that there was insufficient evidence to support Judge Williams's finding. *See id*. Defendant concedes that if the court determines that it is bound by *Cox* and, therefore, cannot offer the remedy Defendant seeks, that a determination on this issue is unnecessary. *Id*. at 9-10. The court has already determined that it is bound by *Cox*. Nevertheless, the court finds that, for the reasons previously

10

stated, reasonable efforts were taken to follow the minimization instructions. *See supra* Section IV(A) and Section IV(D). The court further finds that any lack of evidence in the record on this issue is a result of Defendant's failure to meet his burden of proof. *See supra* Section IV(D). Therefore, the court shall overrule this objection.

### F. Objection 6: Case Law

Defendant objects to Judge Williams's conclusion that "[t]he cases [D]efendant cites do not support his position" with regard to total suppression of a Title III wiretap as a remedy. Report and Recommendation 2 at 6. Specifically, Defendant takes issue with Judge Williams's analysis of *United States v. Focarile*, 340 F. Supp 1033 (D. Md. 1972). Defendant states that the case "should not be looked past too swiftly" because the Maryland District Court had "'rule[d] that a failure by the government to comply with the [18 U.S.C.] § 2518(5) minimization requirement would require total suppression of all communication intercepted.'" Objections at 10 (quoting *Focarile*, 340 F. Supp. at 1046-47).

Judge Williams correctly found that the quoted language from *Focarile* is dicta. The *Focarile* court found that the defendant's allegation "that the government failed to minimize interceptions in accordance with § 2518(5) [was] without merit," and therefore never applied total suppression as a remedy. *Focarile*, 340 F. Supp at 1050. Additionally, Judge Williams also correctly found that "[D]efendant has not cited a single decision where a court has suppressed an entire wiretap based on a failure to properly minimize the interception of communication." Report and Recommendation 2 at 7. Therefore, the court shall overrule this objection with regard to *Focarile*.

Defendant concludes this objection by stating that the "other cases cited by the Defendant support[] the intended legal argument and strategy advanced by the Defendant." *Id*. at 10-11. Defendant mentions no other cases and offers no specific argument as to why Judge Williams's analysis was incorrect. By failing to make a specific objection, and

11

failing to brief and argue this objection, Defendant has waived his objection and his right to a de novo review of that portion of Report and Recommendation 2. *See Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989) (holding that objections to a magistrate judge's report and recommendation must be sufficiently timely and specific in order to trigger a de novo review by the district court). The court sees no plain error in Judge Williams's analysis with respect to the other cases cited by Defendant. Therefore, the court shall overrule Defendant's objection.

### *G. Objection 7: Diligent Attempts*

Defendant objects to Judge Williams's finding that "investigators diligently attempted to minimize all irrelevant communications." Report and Recommendation 2 at 7. Defendant offers no additional argument as to this objection, but merely references and reiterates his argument in support of Objection 5. *See* Objections at 11. The court shall overrule this objection for the reasons it shall overrule Objection 5. *See supra* Section IV(E).

### *H. Objection 8: Identification of Specific Communications*

Defendant purports to object to Judge Williams's finding that "Defendant has failed to identify any incriminating communications that [D]efendant alleges were improperly minimized and should, therefore, be suppressed." Report and Recommendation 2 at 8. Defendant states, however, that he "agrees with Judge Williams that no incriminating communications were argued to be suppressed" and that his objection "serves more as a point of clarification." Objections at 11. Defendant again argues why total suppression of a wiretap should be an available remedy for minimization violations. *See id.* at 11-12. The court has reviewed the record and agrees with Judge Williams's finding that Defendant has not identified any incriminating statements he believes should be suppressed. Therefore, the court shall overrule this objection.

12

### I. *Objection 9: Judge Williams's Conclusion*

Defendant objects generally to Judge Williams's recommendation that the court deny the Motion. *See id*. at 12-13. In support of the objection, "Defendant reiterates his arguments made in . . . his Motion to Suppress and his briefs in support." *Id* at 13. Defendant offers no specific argument in support of his objection. To the extent that this objection rests on argument made outside of the Objections, the arguments have been waived. *See Branch* 886 F.2d at 1046. To the extent that this objection relies on arguments made in previous objections, the court shall overrule it for the reasons previously stated. The court is bound by Eighth Circuit precedent not to suppress the entirety of a Title III wiretap for minimization violations. Even assuming that the court were not bound by that precedent, it would not suppress the evidence because the court finds that the investigators took reasonable, diligent steps to ensure that proper minimization procedures were followed. Therefore, the court shall overrule this objection.

### VI. CONCLUSION

In light of the foregoing, the court **ORDERS**:

(1)    The Objections (docket no. 153) are **OVERRULED**;

(2)    Report and Recommendation 1 (docket no. 135) is **ADOPTED**;

(3)    Report and Recommendation 2 (docket no. 139) is **ADOPTED**; and

(4)    The Motion to Suppress (docket no. 115) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 8th day of March, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA